UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

RECEIVED
CHARLOTTE, NC

SEP 18 2019

Clerk, US District Court
Western District of NC

Harold Boyd Jr, (Pro se)
            Plaintiff,

        V.

Jax, LLC; Ed Manns; Mike Manns;
Eric Esterline; Christian Shinkles;
Mark Ryan; Brandice Barnes;
Perry Carmicle; Golden Corral,
            Defendants.

File No.

3:19-CV-463-FDW

COMPLAINT

## Introduction

This is a civil rights action filed by Harold Boyd Jr., a former employee, for damages under 42 U.S.C. § 1983, alleging retaliation for employment racial discrimination in violation of the First Amendment of the United States Constitution and denial of medical care in violation of the Eigth Amendment to the United States Constitution and deliberately indifferent for delay of medical treatment in violation of the Due Process Clause of the Fourteenth Amendment of the Constitution. The Plaintiff also alleges the torts of intentional infliction of mental and emotional distress and negligence, and personal injury.

## Jurisdiction

1. The Court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. § 1331(1) and 1343; Title VII Federal Civil Rights Act 42 U.S.C. § 2000(e)

2. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

(1)

Case 3:19-cv-00463-FDW    Document 1    Filed 09/18/19    Page 1 of 7

# Parties

3. The plaintiff, Harold Boyd Jr., former employee of Jax LLC, Golden Corral, and Ed Manns as described in this complaint. In New Hanover County Detention Facility; Castle Hayne, N.C.

4. Defendant Ed Manns is the owner of Jax, LLC, Golden Corral. He is sued in his official and individual capacity.

5. Defendant Mike Manns is the area manager. He is sued in his official and individual capacity.

6. Defendant Eric Esterline is the Director of Operations. He is sued in his official and individual capacity.

7. Defendant Christian Shinkle is the Human Resources Representative. He is sued in his official and individual capacity.

8. Defendants Mark Ryan, Brandice Barnes, and Perry Carmicle are managers. They are sued in their individual capacities.

9. All the defendants have acted, and continue to act, under color of state law at all times relevant to this complaint.

# Facts

10. On or about March 18, 2019, plaintiff Harold Boyd Jr., provided questions for the medical expert with issues of the employment racial discrimination that was involved with the medical incidents within the employment relationship.

11. On April 26, 2019, the defendant Ed Manns took adverse action against plaintiff Harold Boyd Jr., for his protected activity. (attached Charge of Discrimination as Ex. 1)

12. Defendant Ed Manns adverse action was motivated because of the questions provided to the medical expert by the plaintiff.

13. The plaintiff's medical issue for an occupational disease in the form of a heart arrhytmia was remanded to the Commission on January 11, 2019.

14. The plaintiff believes that the on-set of his heart arrhytmia extends to February of the year 2013.

15. On August 10, 2015, the defendant Ed Manns, the owner of Jax, LLC offered the plaintiff this unique employer-employee relationship until this matter is resolved.

16. The defendant Ed Manns is not exempt from further claims of retaliation, or racial discrimination.

17. The defendant's Ed Manns, Mike Manns, Eric Esterline, Christian Shinkles, Mark Ryan, Brandice Barnes, and Perry Carmicle having delegated authority from the inmate work-release program, act under the color of the state, and violated state laws in monitoring the amount of hours worked by the plaintiff.

18. The defendant Brandice Barnes provided a party-opponent admission verifing that plaintiff worked 90 hours every week for over a three year period.

19. The defendants Mark Ryan, and Perry Carmicle had threatened the plaintiff with his job status if plaintiff reported work injuries against policy or practice.

20. The defendant's Eric Esteline and Mark Ryan confined plaintiff to the meat room for complaining about employment racial discrimination.

21. The plaintiff was a black assistant manager up for promotion to manager.

22. The plaintiff's job performance was not an issue.

23. The plaintiff complained about employment racial discrimination to Mark Ryan the defendant.

24. Two weeks later defendant Eric Esterline demoted the plaintiff.

25. The defendants Eric Esterline and Mark Ryan adverse action was motivated by the exercise of plaintiff's protected activity, in the month of November 2014.

26. The defendant Mark Ryan replaced both job positions with two white employee's, disparate impact.

27. The defendant Ed Manns forced plaintiff to resign for filing employment racial discrimination and medical issue concerning the company, in the month of August 2015.

28. The defendants Ed Manns and Jax, LLC attempt to this date of not trying to resolve plaintiff medical issues for exsposure of employment racial discrimination and wage violations that are from a direct result concerning the on-set of plaintiff's heart arrhymla is atrocious and utterly intolerable in a civilized community, and material loss of benefits.

29. After more than 47 months the defendant's Ed Manns, Eric Esterline, and Christian Shinkles has disputed and denide all medical lost wages, medical compensation, and vocational rehabilitation because plaintiff complains about employment racial discrimination, continuing action.

30. Defendant Ed Manns conduct deceitful, evil, willful, and in bad faith, and he never terminated the work-release program from his employing practice.

## Exhaution of Administrative Remedies

31. The plaintiff Harold Boyd Jr., has exhausted all of his administrative remedies.

(4)

# Claims for Relief

32. The actions of defendant Ed Manns in taking an adverse action for plaintiff providing the medical expert witness information involving the on-set of plaintiff's heart arrhythmia as a direct result concerned with the employment racial discrimination constitutes retaliation in violation of Title VII of the Civil Rights Act, and First Amendment of the United States Constitution.

33. The failure of defendant Ed Manns in providing medical care now for over a 47 month period in that he offered this employer-employee relationship to the plaintiff that's unique constitutes deliberate indifference to plaintiff's serious heart arrhythmia issue, were done atrociously and evil is utterly intolerable in a civilized community in violation of the Eigth Amendment of the United States Constitution and constitutes negligence under the law of North Carolina.

34. The actions of defendants Ed Manns, Mike Manns, Eric Esterline, Christian Shinkles, Mark Ryan, Brandice Barnes, and Perry Carmicle in disputing claims involved with the on-set of plaintiff's heart arrhythmia, employment racial discrimination, and knowingly violating state law for the hours worked by plaintiff constitutes negligence under the law of North Carolina.

35. The defendant Ed Manns denying plaintiff his lost wages that are in connection with plaintiff's heart arrhythmia for over a 47 month period, were defendant Ed Manns knew or should have known that disputing all of plaintiff's claims violated plaintiff's due process of law in violation of the Fourteenth Amendment of the United States Constitution and negligence under the law of North Carolina and intentional Infliction of mental and emotional distress, continuing action.

36. The actions of defendants Eric Esterline and Mark Ryan in

(5)

initiating the denial of medical care for plaintiff's serious medical care needs on October 4, 2014, constitutes delibrate Indifference and in violation of the Eight Amendment of the United States.

## Relief

Plaintiff seeks compensatory damages for lost wages, medical compensation, past pain and suffering from intentional infliction of mental and emotional distress from employment racial discrimination and retaliation, pain and suffering for denial of medical care for the on-set of the heart arrhythmia until present, and suffering where there was offered an employer-employee unique relationship that end up being deceitful, evil, willful and in bad faith from violations of plaintiff's Title VII Federal Civil Rights Act, First, Eighth, and Fourteenth Amendments of the United States Constitution.

Plaintiff does not seek compensatory damages for mental or emotional distress.

Plaintiff seeks punitive damages for the defendants actions and conduct that's atrocious and utterly intolerable in a civilized community, were deceitful, evil, willful and in bad faith conduct still is evident, and were plaintiff's medical care heart arrhythmia issues have now been over 47 months in dispute that is clearly deliberate indifference to plaintiff's serious medical needs, as it was under the conditions of plaintiff's job for the on-set of the heart arrhythmia which plaintiff is being denied basic rights to due process of law, and continuing intentional racial discrimination and retaliation.

(6)

Case 3:19-cv-00463-FDW   Document 1   Filed 09/18/19   Page 6 of 7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct,

09/16/19    Harold Boyd Jr.

(7)